UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH EMANUEL LISTER,

Petitioner,

v.

TRACEY JOHNSON,

Respondent.

No. 2:24-cv-3336-DAD-EFB (HC)

ORDER

Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF Nos. 1 (Petition), 3 (Amended Petition).

Petitioner has not filed an in forma pauperis affidavit or paid the required filing fee ($5.00). 28 U.S.C. §§ 1914(a); 1915(a). He has filed a notice stating that he requested that prison officials forward a check in the amount of the fee to the court. ECF No. 4. No check has been received by the court. Petitioner will be provided the opportunity to either submit the appropriate affidavit in support of a request to proceed in forma pauperis or submit the appropriate filing fee.

Rule 2 of the Rules Governing Section 2254 Cases provides that the petition: "shall specify all the grounds for relief which are available to the petitioner and of which he has or by the exercise of reasonable diligence should have knowledge and shall set forth in summary form

the facts supporting each of the grounds thus specified." Rule 2(c), Rules Governing Section 2254 Cases. Petitioner must also clearly state the relief sought in the petition. *Id.* Additionally, the Advisory Committee Notes to Rule 4 explains that "notice pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error." Advisory Committee Notes to Rule 4; *see Blackledge v. Allison*, 431 U.S. 63, 75, n.7 (1977).

Petitioner briefly alleges a single claim – that the California Supreme Court's summary denial of his state habeas petition violated 28 U.S.C. § 2254(d)(2) as an unreasonable determination of the facts of the case. ECF No. 3 at 5. Petitioner does not allege any specific facts he believes were unreasonably determined by the state court. To the extent that petitioner alleges that the summary denial of a state habeas petition constitutes an unreasonable determination of the facts in all cases, such a claim fails as a matter of law. *Cullen v. Pinholster*, 563 U.S. 170, 187 (2011) (holding that summary denials are considered adjudications on the merits under § 2254(d)).

The petition fails to comply with Rule 2(c), Rules Governing Section 2254 Cases. Therefore, the petition is dismissed with leave to amend. Rule 4, Rules Governing Section 2254 Cases. In the amended petition, petitioner must set forth each claim for relief *and summarize the facts he alleges support each of the identified claims*.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner shall submit, within thirty days from the date of this order, an affidavit in support of his request to proceed in forma pauperis or the appropriate filing fee; petitioner's failure to comply with this order will result in a recommendation that this action be dismissed;

2. Petitioner's amended application for writ of habeas corpus is dismissed with leave to amend within thirty days from the date of this order;[1]

3. Any amended petition must bear the case number assigned to this action and the title "Second Amended Petition"; and

////

[1] By setting this deadline the court is making no finding or representation that the petition is not subject to dismissal as untimely.

4. The Clerk of the Court is directed to send petitioner a copy of the in forma pauperis form used by this district and the court's form application for writ of habeas corpus.

DATED: August 20, 2026

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE